IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ISAIAS PEREZ,

      **Plaintiff,**

      v.

UNIFIED GOVERNMENT OF WYANDOTTE
COUNTY/KANSAS CITY, KANSAS,

      **Defendant.**

Case No. 23-CV-2465-JAR-ADM

## MEMORANDUM AND ORDER

Plaintiff Isaias Perez, proceeding pro se, brings suit against Defendant Unified Government of Wyandotte County/Kansas City, Kansas. He appears to assert a claim that he was denied due process of law. This matter comes before the Court on Defendant's Motion to Dismiss (Doc. 14) for failure to state a claim. The motion is fully briefed, and the Court is prepared to rule. For the reasons set forth below, the Court grants Defendant's motion.

**I.**    **Factual and Procedural Background**

Plaintiff resides in Kansas. He filed an extremely cursory Complaint in which he alleges a claim for "Due process of loss of property. October 21, 2022 was found not guilty on criminal case. Personal property was sold at auction."[1] He seeks two million dollars, and he states that in 2011 and 2015, Texas and Oregon "put a price of $15,000 for a brood cock,"[2] respectively. Defendant filed a motion to dismiss asserting that Plaintiff's Complaint should be dismissed because he fails to state a claim.

---

[1] Doc. 1 at 2.

[2] *Id.* at 4.

**II.     Legal Standard**

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[3] and include "enough facts to state a claim for relief that is plausible on its face."[4]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[5]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[6]  The court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[7]

Because Plaintiff proceeds *pro se*, some additional considerations frame the Court's analysis.  The Court must construe Plaintiff's pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[8]  Thus, if a *pro se* plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[9]  However, it is not "the proper function of the district court to assume the role of

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235–36 (3d ed. 2004)).

[4] *Id.* at 570.

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[6] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[7] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[8] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (citation omitted).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

advocate for the *pro se* litigant."[10]  For that reason, the Court will not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[11] nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[12]

**III.    Analysis**

Defendant asserts that Plaintiff does not plead any facts showing that he was not provided due process.  In addition, Defendant argues that Plaintiff does not comply with Fed. R. Civ. P. 9(f) which requires an allegation of a time or place.  Plaintiff fails to adequately respond to Defendant's motion.  Instead, he simply attaches a copy of a portion of a 2019 search warrant affidavit and a copy of a motion to dismiss filed in his underlying 2019 criminal case in the District Court of Wyandotte County.  Plaintiff made some handwritten notes on the copy of the 2019 motion to dismiss.  Thus, from this document, it appears as though Plaintiff may allege that 85 roosters were confiscated from him during the criminal case against him.

The Court liberally construes Plaintiff's Complaint to allege a taking of his property without due process.  "The Fourteenth Amendment provides that no State shall 'deprive any person of life, liberty, or property without due process of law.'"[13]  "Procedural due process protects against wrongful deprivations of life, liberty, or property by requiring the state follow

---

[10] *Id.*

[11] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted).

[12] *Whitney*, 113 F.3d at 1175.

[13] *Reams v. City of Frontenac*, 587 F. Supp. 3d 1082, 1093 (D. Kan. 2022) (quoting U.S. Const. amend. XIV)).

certain procedures before the deprivation."[14]  In some circumstances, a post-deprivation hearing satisfies due process.[15]

Here, Plaintiff's cursory and vague allegations do not state a claim.  There are no allegations in the Complaint identifying the property at issue.  Construing Plaintiff's response to Defendant's motion liberally, it appears that Plaintiff is referencing roosters as his property.  Yet, Plaintiff includes no allegations that he was denied procedural protections for this property or that he was wrongfully deprived of this property.  Indeed, he does not include any factual allegations.  Plaintiff's three-sentence factual allegation in his Complaint is simply insufficient to adequately allege a claim.  Thus, Plaintiff fails to state a claim, and the Court grants Defendant's motion to dismiss.

**IV.   Leave to Amend**

While the Court recognizes the general rule that *pro se* parties should be allowed leave to amend, it may appropriately dismiss a claim without prejudice "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[16]  "[T]he district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim."[17]

Here, Plaintiff does not move to amend, nor does he suggest any changes to his Complaint that would cure the errors identified in this opinion.  The Court determines for the

---

[14] *Id.*

[15] *Zinermon v. Burch*, 494 U.S. 113, 128 (1990).

[16] *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010)) (alteration omitted).

[17] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).

reasons explained throughout this opinion that Plaintiff cannot prevail on the facts alleged in the Complaint, and the Court finds that it would be futile to allow him leave to amend.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 14) is **granted**.

**IT IS SO ORDERED.**

Dated: April 15, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

5